UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

APOLLO ENERGY, LLC

VERSUS

CERTAIN UNDERWRITERS AT
LLOYD'S, LONDON

CV. NO. 17-1741-JWD-RLB

JUDGE JOHN W. deGRAVELLES

## RULING AND ORDER

### I. PLAINTIFF'S ALLEGATIONS AND THE MOTION TO DISMISS

This case concerns the existence of insurance coverage for a June 1, 2016 oil spill in Iberville Parish "experienced" by Plaintiff Apollo Energy, LLC. (Doc. 1-2 at 1-2). At the time of the spill, Plaintiff held a commercial general liability insurance policy (the "Policy") through Defendant "Certain Underwriters at Lloyd's, London." (*Id.* at 1). According to the Petition for Declaration of Coverage, Bad Faith and Damages that initiated this suit (the "Petition"), the Policy contained a total pollution exclusion that was "modified and deemed inapplicable" if each of four "conditions" of a pollution buyback endorsement were met. (*Id.*). These "conditions" included that: (1) the pollution "occurrence" for which coverage was sought was accidental and not expected or intended by the insured; (2) the occurrence commenced "at a specific time and date" during the term of the Policy; (3) the occurrence became known to the insured within 30 days of its commencement and was reported to Defendant "within 90 days thereafter"; and (4) the occurrence did not result from the insured's intentional or willful violation of law. (*Id.* at 1-2).

Plaintiff reported the oil spill to Defendant on November 1, 2016. (*Id.* at 2). In subsequent communications between Plaintiff and Defendant, Plaintiff "conceded it had not met the 90 day reporting period" but argued that Defendant had not been prejudiced by the delay. (*Id.* at 2-3).

1

Defendant ultimately denied Plaintiff's claim concerning the spill based on Plaintiff's failure to timely report. (*Id.* at 3). In this suit, Plaintiff contends that coverage existed for the oil spill and that Defendant is liable for damages associated with its denial of the claim. (*Id.* at 3-4).

Defendant now moves to dismiss this action under Federal Rule of Civil Procedure 12(b)(6), arguing that compliance with the requirements of a pollution buyback endorsement is a condition precedent to coverage and a showing of prejudice is not required. ("Motion," Doc. 7-1 at 6-8). Plaintiff opposes, arguing that a showing of prejudice is required, (Doc. 12 at 3), and that whether the total pollution exclusion applies at all turns on the answers to several question of fact, including whether Plaintiff is a "polluter," whether the injury-causing substance is a "pollutant," and whether there was a "discharge, dispersal, seepage, migration, release or escape" of a pollutant, (*id.* at 3-6). Plaintiff also argues that, at the very least, leave to amend should be granted. (*Id.* at 1, 3).

In reply, Defendant argues that the interpretation and application of a pollution buyback endorsement is a "legal, not factual" issue, and that, under Fifth Circuit law, no showing of prejudice is required. (Doc. 15 at 1). Defendant also contends that leave to amend should be denied, as there is "nothing by amendment that could make Plaintiff's claim anything other than a pollution claim." (*Id.* at 2). In a footnote, Defendant argues that the Petition specifically pleads that the buyback endorsement applies, which could only be true if "a pollution claim is at issue." (*Id.* at 1 n.1).

## II. LEGAL STANDARDS

### a. Rule 12(b)(6)

In *Johnson v. City of Shelby, Miss.,* ⸺ U.S. ⸺, 135 S. Ct. 346 (2014), the Supreme Court explained that "[f]ederal pleading rules call for a 'short and plain statement of the claim

2

showing that the pleader is entitled to relief,' Fed. R. Civ. P. 8(a)(2); they do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted." 135 S.Ct. at 346–47 (citation omitted).

Interpreting Rule 8(a), the Fifth Circuit has explained:

> The complaint (1) on its face (2) must contain enough factual matter (taken as true) (3) to raise a reasonable hope or expectation (4) that discovery will reveal relevant evidence of each element of a claim. "Asking for [such] plausible grounds to infer [the element of a claim] *does not impose a probability requirement* at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal [that the elements of the claim existed]."

*Lormand v. U.S. Unwired, Inc.,* 565 F.3d 228, 257 (5th Cir. 2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 556 (2007) (emphasis in *Lormand*)).

Applying the above case law, the Western District of Louisiana has stated:

> Therefore, while the court is not to give the "assumption of truth" to conclusions, factual allegations remain so entitled. Once those factual allegations are identified, drawing on the court's judicial experience and common sense, the analysis is whether those facts, which need not be detailed or specific, allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." [*Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009)]; *Twombly,* [550] U.S. at 556, 127 S. Ct. at 1965. This analysis is not substantively different from that set forth in *Lormand, supra,* nor does this jurisprudence foreclose the option that discovery must be undertaken in order to raise relevant information to support an element of the claim. The standard, under the specific language of Fed. R. Civ. P. 8(a)(2), remains that the defendant be given adequate notice of the claim and the grounds upon which it is based. The standard is met by the "reasonable inference" the court must make that, with or without discovery, the facts set forth a plausible claim for relief under a particular theory of law provided that there is a "reasonable expectation" that "discovery will reveal relevant evidence of each element of the claim." *Lormand,* 565 F.3d at 257; *Twombly,* [550] U.S. at 556, 127 S. Ct. at 1965.

*Diamond Servs. Corp. v. Oceanografia, S.A. De C.V.,* 2011 WL 938785, at *3 (W.D. La. Feb. 9, 2011) (citation omitted).

More recently, in *Thompson v. City of Waco, Tex.,* 764 F.3d 500 (5th Cir. 2014), the Fifth Circuit summarized the standard for a Rule 12(b)(6) motion:

> We accept all well-pleaded facts as true and view all facts in the light most favorable to the plaintiff . . . To survive dismissal, a plaintiff must plead enough facts to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Our task, then, is to determine whether the plaintiff state a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success.

*Id.* at 502–03 (citations and internal quotations omitted).

### b. Leave to Amend

"[A] court ordinarily should not dismiss the complaint except after affording every opportunity to the plaintiff to state a claim upon which relief might be granted." *Byrd v. Bates*, 220 F.2d 480, 482 (5th Cir. 1955). The Fifth Circuit has further stated:

> In view of the consequences of dismissal on the complaint alone, and the pull to decide cases on the merits rather than on the sufficiency of pleadings, district courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal.

*Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002). Relying on *Great Plains* and other cases from this circuit, one district court in Texas articulated the standard as follows:

> When a complaint fails to state a claim, the court should generally give the plaintiff at least one chance to amend before dismissing the action with prejudice unless it is clear that the defects in the complaint are incurable. *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.,* 313 F.3d 305, 329 (5th Cir. 2002); *see also United States ex rel. Adrian v. Regents of the Univ. of Cal.,* 363 F.3d 398, 403 (5th Cir. 2004)* ("Leave to amend should be freely given, and outright refusal to grant leave to amend without a justification . . . is considered an abuse of discretion.") (internal citation omitted). However, a court may deny leave to amend a complaint if the court determines that "the proposed change clearly is frivolous or advances a claim or defense that is legally insufficient on its face." 6 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1487 (2d ed. 1990) (footnote omitted); *see also Martin's Herend Imports, Inc. v. Diamond & Gem Trading United States of Am. Co.,* 195 F.3d 765, 771 (5th Cir. 1999) ("A district court acts within its discretion when dismissing a motion to amend that is frivolous or futile.") (footnote omitted).

4

*Tow v. Amegy Bank N.A.*, 498 B.R. 757, 765 (S.D. Tex. 2013). Finally, one leading treatise explains:

> As [] numerous case[s] . . . make clear, dismissal under Rule 12(b)(6) generally is not immediately final or on the merits because the district court normally will give the plaintiff leave to file an amended complaint to see if the shortcomings of the original document can be corrected. The federal rule policy of deciding cases on the basis of the substantive rights involved rather than on technicalities requires that the plaintiff be given every opportunity to cure a formal defect in the pleading. This is true even when the district judge doubts that the plaintiff will be able to overcome the shortcomings in the initial pleading. Thus, the cases make it clear that leave to amend the complaint should be refused only if it appears to a certainty that the plaintiff cannot state a claim. A district court's refusal to allow leave to amend is reviewed for abuse of discretion by the court of appeals. A wise judicial practice (and one that is commonly followed) would be to allow at least one amendment regardless of how unpromising the initial pleading appears because except in unusual circumstances it is unlikely that the district court will be able to determine conclusively on the face of a defective pleading whether the plaintiff actually can state a claim for relief.

5B Charles A. Wright, Arthur R. Miller, *et al.*, *Federal Practice and Procedure* § 1357 (3d ed. 2016).

### III. ANALYSIS

The Court cannot conclude that the claims in the Petition are ripe for dismissal. Defendant is certainly correct that the Fifth Circuit, applying Louisiana law, has held that compliance with some notice requirements is a condition precedent to coverage, with no showing of prejudice required. However, that result is based on close analysis of the specific text of the notice requirement at issue in each case. For example, in *In re Matter of Complaint of Settoon Towing, L.L.C.*, upon which Defendant heavily relies, the Fifth Circuit opined that "[w]hether a notice provision is a 'condition precedent' to recovery depends on the language of the policy," but "certain language short of the exact phrase 'condition precedent' may not be sufficient to make a notice requirement a condition precedent to recovery." 720 F.3d 268, 277-78 (5th Cir. 2013). The

5

Fifth Circuit ruled that the notice provision in *Settoon Towing* constituted a condition precedent because the initial pollution exclusion stated that the "intent and effect" of the exclusion was to "delete from any and all coverage's [sic] . . . any . . . claim . . . in any way arising out of [pollution]," and the buyback containing the notice requirement stated that the exclusion would not apply "provided that the Named Assured established that all of the following conditions have been met." *Id.* at 278 (alterations in original). The Fifth Circuit also noted that the insured was a "sophisticated business," not an "ordinary consumer." *Id. See also Bridgefield Cas. Ins. Co. v. River Oaks Mgmt., Inc.*, 590 F. App'x 308, 313 (5th Cir. 2014) (notice was a condition precedent to coverage where policy stated that "coverage will not be afforded . . . unless we are notified within thirty days"); *Gulf Island, IV v. Blue Streak Mar., Inc.*, 940 F.2d 948, 955-56 (5th Cir. 1991) (provision requiring notice when insured could "reasonably conclude" that a "covered occurrence" had taken place was insufficient to make notice a condition precedent to recovery); *MGIC Indem. Corp. v. Cent. Bank of Monroe*, 838 F.2d 1382, 1385, 1387 (5th Cir. 1988) (compliance with notice provision was a condition precedent to coverage where the provision expressly required notice "as a condition precedent to [insured's] rights under this policy"; Fifth Circuit emphasized the language of the policy and that both insured and insurer were "sophisticated businesses").

These authorities set forth a less categorical framework for decision than Defendant suggests. Although the Court might conclude at this stage that Plaintiff is a "sophisticated business," it appears that the Court has before it only Plaintiff's description of the buyback endorsement's "conditions" and paraphrased statement that the total pollution exclusion is "modified and deemed inapplicable if each of [the conditions] have been met." (Doc. 1-2 at 1-2). While Plaintiff skirts very close to pleading itself out of a case in describing the buyback endorsement's components as "conditions," the record before the Court does not permit it to reach

the firm conclusion that the buyback endorsement is a condition precedent to coverage. To rule otherwise would be to go further than the standards of Rule 12(b)(6) allow and overlook the "disfavor" with which such motions are viewed.[1] *See Lormand,* 565 F.3d at 232, 257.

The Court agrees with Defendant, however, that the Petition does not provide fair notice and adequate allegations concerning the initial inapplicability of the total pollution exclusion. (Doc. 15 at 1 n.1). The entirety of the Petition is addressed to whether Plaintiff was required to strictly comply with the buyback endorsement's provisions, not whether the pollution exclusion applied in the first place. (Doc. 1-2 at 1-5). The possibly fact-intensive inquiries underlying the new theory raised in Plaintiff's opposition may substantially expand the scope of discovery and motions practice in this case, and Defendant's reluctance to engage with a theory not alluded to in the Petition and described for the first time in Plaintiff's opposition, (Doc. 15 at 1 n.1), has a sound legal basis. *Cf. Estell v. Strive, Inc.*, 2016 WL 3746364, at *3 (E.D. La. July 13, 2016) (court need not "consider allegations raised for the first time in an opposition brief"). However, given the permissive amendment policy and "wise judicial practice" described *supra*, *see Federal Practice and Procedure* § 1357, the Court believes that granting leave to amend, rather than dismissal, is the preferred course.[2]

---

[1] The Court leaves aside the question of whether it could properly consider the provisions of the Policy had they been provided to the Court separately from the Petition. *See Spivey v. Am. Cas. Co. of Reading, Pennsylvania*, 128 F. Supp. 3d 1281, 1283 (S.D. Ga. 2015) (considering insurance policy in ruling on motion to dismiss where policy was referenced by policy number in the complaint); *Cue Fashions, Inc. v. LJS Distribution, Inc.*, 807 F. Supp. 334, 335-36 (S.D.N.Y. 1992) (ruling that insurance policy attached to opposition to motion to dismiss was incorporated into the complaint by reference).

[2] In so ruling, the Court expresses no opinion on the merits of Plaintiff's theory aside from that, at this early stage and on very limited briefing, the Court cannot conclusively determine that amendment would be futile. *But see Lodwick, L.L.C. v. Chevron U.S.A., Inc.*, 48,312 (La. App. 2 Cir. 10/2/13), 126 So. 3d 544, 561, *writ denied*, 2013-2898 (La. 2/28/14), 134 So. 3d 1176 (determining, in duty-to-defend case based only on pleadings, that pollution exclusions applied because oilfield operators and producers are "polluters," oil is a "pollutant," and allegations of "seep[age] and migrat[ion]" of pollutants into plaintiffs' soil and groundwater constituted allegations of "discharge, seepage, migration, release, or escape" of pollutants).

## IV. CONCLUSION

Accordingly, **IT IS ORDERED** that the Motion, (Doc. 7), is **DENIED** with respect to the grounds for dismissal expressly addressed therein. However, it is **FURTHER ORDERED** that leave to amend is **GRANTED** in light of the new theory raised in opposition to the Motion but not adequately pled in the operative Petition. Within 30 days of this Ruling and Order, Plaintiff shall file an Amended Complaint[3] consistent with this order and setting forth all of Plaintiff's claims. The Amended Complaint shall be complete in and of itself and shall not refer back to the original Petition. Failure to timely file an Amended Complaint may result in the dismissal of this action.

Signed in Baton Rouge, Louisiana, on July 26, 2018.

_____
**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[3] Louisiana courts generally style an initial pleading in a civil action as a "petition," while federal courts style an initial pleading as a "complaint." *See* La. Code Civ. Proc. art. 852; Fed. R. Civ. P. 7(a).